GEORGE W. BUSH & SONS CO. v. FITZPATRICK et al.

(District Court, E. D. Pennsylvania. March 24, 1896.)

1. SHIPPING—PLEDGE OF FREIGHT—AUTHORITY OF MASTER.

The master has no more authority to pledge unearned freight for money borrowed in a foreign port than to pledge the vessel herself, and in either case he has such power only when the necessities of the vessel require it.

2. SAME—BURDEN OF PROOF.

Where a libel, based on a draft, by which the master undertook to pledge unearned freight for money borrowed in a foreign port, alleges the necessity of the vessel as a basis for the loan, and such necessity is denied by the answer, the burden is on libelant to show the necessity.

3. SAME—INDORSEMENT OF DRAFT CHARGED AGAINST FREIGHT.

Where one making a contract of affreightment directly with the owner, who was his neighbor, thereafter took by indorsement a draft for money borrowed in a foreign port by the master on the credit of the unearned freight, *held*, that it was his duty to make inquiry of the owner before parting with his money, and in default thereof he could not recover on the draft, where it appeared that there was no necessity authorizing the master to make the loan.

This was a libel by the George W. Bush & Sons Company against John Fitzpatrick and others, owners of the schooner John F. Davis, to recover money paid out for a draft drawn by the master in a foreign port.

Horace L. Cheyney and John F. Lewis, for libelant.

Henry R. Edmunds, for respondents.

BUTLER, District Judge. This suit must be regarded as for money borrowed by the master of the schooner Davis of Ellis & Hussy, as witnessed by the draft given them, which is as follows:

$250.          Jacksonville, Fla., Dec. 16, 1892.

At sight pay to the order of Ellis & Hussy two hundred and fifty dollars, value received and charge the same to account of disbursements of schooner John S. Davis, on account of freight.

[Signed]                 Thomas F. Barrett,
                         Master Schr. John F. Davis.

If a recovery can be had it must be on this draft and the loan which it represents. To authorize the master to make such a loan, the existing necessities of the vessel must have required the money. It is unimportant that the draft is in terms against the unearned freight, payable in her home port, on delivery of cargo. The master had no more authority to pledge this undue freight than he had to pledge the vessel. Pledging the former, pledges the latter to earn it. If necessity required he could pledge both; otherwise he could not pledge either. The libel, as originally drawn, rests on this theory; and was amended to make it plainer. It was therefore the duty of Ellis & Hussy to see that the money was needed for the purpose designated; if it was not needed they could not look to the vessel, her unearned freight, or owners. The libel consequently charges that the money was needed to supply the necessities of the vessel, in a foreign port, (her home being Philadelphia) and that without it she could not complete her voyage. This charge is denied by the answer; and thus is raised the only issue in the case. The burden of proof is on the libelant, he must sustain his charge. 2 Pars. Shipp. p. 17, and note; Nippert v. The Williams, 42 Fed. 533; The Woodland, 104 U. S. 180. The evidence however not only does not sustain it, but disproves it. The loan was made to the master, without inquiry, so far as appears, after notice to Ellis & Hussy from the managing owner of the vessel that the master was forbidden to borrow, and would be furnished with all necessary supplies from home on application. The libelant stands in Ellis & Hussy's shoes—occupying no better situation because of the indorsement. If he suffers loss it results from his negligence alone. He and the managing owner are virtual neighbors; and he might and should have inquired respecting the master's authority, before parting with his money. He knew this owner's relation to the vessel, and made the contract of affreightment with him. The master's act was a plain fraud, (judged by the evidence,) and he was enabled to perpetrate it only by means of the libelant's carelessness, and Ellis & Hussy's misconduct.

It is unimportant that the libelant undertook with the master to accept the draft on account of the unearned freight. The money paid by him on the instrument was a loan and could be recovered back as such if the vessel failed to keep her pledge, by delivering the cargo—provided the master was justified in borrowing. It was not payment of freight (none was due) but an advancement, a loan, or pledge of the vessel to deliver the cargo, or return the money.

The libel must be dismissed, with costs.